IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD WOZNIAK,                          :

        Plaintiff,                       :

v.                                       :
                                              Civil Action No. GLR-12-1540
S.T.A. OF BALTIMORE – I.L.A.             :
CONTAINER ROYALTY FUND,
                                         :
        Defendant.
                                         :

## MEMORANDUM OPINION

Pending before this Court is Defendant Steamship Trade Association of Baltimore, Inc. – International Longshoremen's Association (AFL-CIO) Container Royalty Fund's (the "CRF") Motion to Dismiss Plaintiff Ronald Wozniak's Amended Complaint, filed pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure. (ECF No. 11). This is an Employee Retirement Income Security Act of 1974 ("ERISA") case in which the Plaintiff alleges improper denial of an ERISA-regulated plan and seeks recovery of those plan benefits.

The issues before the Court are (1) whether a common law breach of contract claim is permitted under ERISA's statutory enforcement scheme; and (2) whether breach of fiduciary duty is available as a cause of action if it relates to the denial of ERISA benefits. The issues have been fully briefed no hearing is necessary. See Local Rule 105.6 (D.Md. 2011). For the

1

reasons that follow, the CRF's Motion to Dismiss the Amended Complaint will be granted.

## I.   BACKGROUND[1]

This matter concerns Mr. Wozniak, a participant in the CRF. The CRF is an ERISA-regulated employee welfare plan in which eligible longshoremen are paid a one-time, yearly benefit.  If a worker under the plan gets injured, the CRF extends disability credit toward eligibility only if a participant is totally disabled during the plan year.  (Def.'s Mot. to Dismiss at 2, ECF No. 11).

Mr. Wozniak was employed as a longshoreman in the Port of Baltimore.  On February 20, 2009, Mr. Wozniak was injured and unable to return to work.  Mr. Wozniak subsequently filed a workman's compensation claim pursuant to the Longshore and Harbor Workers Compensation Act 33 U.S.C. § 908 et seq.

After the accident, Mr. Wozniak's employer, Ports America, filed a Department of Labor LS-208 Form on November 11, 2010. The LS-208 Form indicated that Mr. Wozniak was on temporary partial disability from February 21, 2009, through July 14, 2010, and on temporary total disability from July 15, 2010 and continuing.  Mr. Wozniak's employer filed an amended LS-208 Form on March 29, 2011, stating that Mr. Wozniak was on temporary

---

[1]    Unless otherwise noted, the following facts are taken from the Amended Complaint.

total disability from March 24, 2009, to March 23, 2011.[2]

On April 7, 2011, Mr. Wozniak applied for CRF benefits for calendar year 2010.  The CRF denied Mr. Wozniak's request for CRF benefits, stating that he did not meet the eligibility requirements for a benefit since the original LS-208 Form reported that Mr. Wozniak was on temporary partial disability, and not temporary total disability, from October 1, 2009, to September 20, 2010.  The CRF determined that the contradictory LS-208 Form was not evidence of total disability because the employer identified a change to the "payment type" and not to the nature of the disability.  (Def.'s Mot. to Dismiss at 2). The CRF requested that Mr. Wozniak submit medical or other evidence that would support Mr. Wozniak's benefits request. (Pl.'s Resp. to Def.'s Mot. to Dismiss at 3, ECF No. 14).  Mr. Wozniak did not submit any medical documentation, however, and contends that he is not required to present medical evidence to the CRF.  Mr. Wozniak seeks CRF benefits for calendar year 2010.

On May 23, 2012, Mr. Wozniak filed a Complaint against the CRF, alleging a breach of contract for CRF's failure to pay an annual container royalty payment.  (ECF No. 1).  On June 22,

---

[2] The CRF alleges that the amended LS-208 Form received from Mr. Wozniak's employer stated, "[a]s [Mr. Wozniak's employer] realize[s] that Container Royalty only considers only [sic] the [temporary total disability] TTD payments, [Mr. Wozniak's employer] did agree to reconsider the payment type and have determined that these would be paid as TTD."  (Def.'s Mot. to Dismiss at 2).

2012, CRF filed a Motion for Summary Judgment and/or to Dismiss the Complaint pursuant to Rule 56 and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8). On June 28, 2012, Mr. Wozniak filed an Amended Complaint adding an additional count for breach of fiduciary duty.[3] (ECF No. 10). On July 12, 2012, the CRF filed the pending Motion to Dismiss the Amended Complaint. (ECF No. 11). On July 25, 2012, Mr. Wozniak, filed an opposition to the CRF's Motion to Dismiss. (ECF No. 15).

As to the breach of contract count, the CRF argues that the ERISA preemption clause supersedes all other state laws insofar as they relate to an employee benefit plan. (Def.'s Mot. to Dismiss at 4—6). Specifically, the CRF contends that Mr. Wozniak is attempting to circumvent ERISA's statutory remedial provisions. (Id.) The CRF asserts that ERISA does not provide a federal common law breach of contract remedy, and that it is impermissible for Mr. Wozniak to seek ERISA plan benefits by bringing a state law claim for breach of contract in federal court. (Id.) Lastly, the CRF concludes that ERISA's civil enforcement remedies are exclusive. (Id.)

As to the breach of fiduciary duty claim, the CRF argues that individualized claims for breach of fiduciary duty are not

---

[3]   The June 22, 2012 Motion to Dismiss and/or for Summary Judgment (ECF No. 8) will be denied as moot.

authorized where ERISA provides adequate relief for an injured plaintiff. (Id. at 7—9).  The CRF contends that Mr. Wozniak cannot "repackage" his denial of benefits claim as a breach of fiduciary claim because ERISA affords other avenues of relief for the denial of benefits. (Id.)  The CRF further asserts that the Supreme Court has rejected plaintiffs' attempts to expand ERISA to include remedies not provided by the statute. (Id.)

In response, Wozniak first argues that there is an independent cause of action for breach of contract arising out of a denial of workers compensation benefits. (Pl.'s Resp. to Def.'s Mot. to Dismiss at 5—6).  Specifically, Mr. Wozniak asserts that federal courts have been charged with creating federal common law to deal with issues involving ERISA-regulated plans. (Id.)  Thus, Mr. Wozniak argues that federal common law provides a breach of contract claim under ERISA.  (Id.).

Second, Mr. Wozniak asserts that his breach of fiduciary claim is proper under precedent established by ERISA and the U.S. Court of Appeals for the Fourth Circuit because the CRF did not have a factual basis for the denial of benefits and the CRF's denial was arbitrary and capricious. (Id. at 6—8).  Mr. Wozniak argues that ERISA explicitly authorizes suits against fiduciaries and plan administrators to remedy statutory violations such as breach of fiduciary duty.  (Id.).  Mr. Wozniak posits that denying benefits, to which Mr. Wozniak

asserts he is legally entitled, is a breach of fiduciary duty. (Id.).

## II.   DISCUSSION

### A.   Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007) (internal citations omitted); see Fed.R.Civ.P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." Id.; Twombly, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 555 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the

plaintiff, read the complaint as a whole, and take the facts asserted therein as true. <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. <u>Labram v. Havel</u>, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. <u>Twombly</u>, 550 U.S. at 556 n.3.

**B.   <u>Analysis</u>**

   **1.   Breach of Contract Claim**

   The Court grants CRF's Motion to Dismiss the Amended Complaint because (1) ERISA preempts Mr. Wozniak's claim, and (2) the Fourth Circuit has refused to create federal common law for a breach of contract claim for plan benefits where, as here, ERISA has already provided a statutory remedy.

   ERISA's preemption provision is broad. <u>Holland v. Burlington Indus., Inc.</u>, 772 F.2d 1140, 1147 (1985), <u>abrogated on</u>

other grounds by Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).   Section 514(a) of ERISA provides preemption to "any and all State laws insofar as they now or hereafter relate to any employee benefit plan."   29 U.S.C.A. § 1144(a) (West 2012). "State laws" include common law causes of action "relating to" employee benefit plans.   Holland, 772 F.2d at 1147.   In Shaw v. Delta Air Lines, Inc., the Supreme Court held that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."   463 U.S. 85, 96—97 (1983).   The Supreme Court has also held that claims for breach of contract based on the denial of benefits, pursuant to the terms in an employee benefits plan, or the administration of such a plan, are preempted when a plaintiff is seeking payment of benefits or damages.   Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45 (1987); Metro. Life Ins. Co. v. Taylor, 471 U.S. 725, 739 (1985).   Likewise, in Holland, the Fourth Circuit held that claims seeking ERISA-plan benefits based upon breach of contract are preempted because they "relate to" employee benefit plans.   772 F.2d 1140, 1146—47 (4th Cir. 1985).

Further, while federal common law under ERISA can exist[4],

_____

[4] Federal courts are allowed to create federal common law "based on a federal statute's preemption of an area only where the federal statute does not expressly address the issue before the court."   Nachwalter v. Christie, 805 F.2d 956, 959 (11th

the Fourth Circuit has refused to create a federal common law estoppel remedy under ERISA where an employee seeks plan benefits because ERISA specifically addresses this issue. Singer v. Black & Decker Corp., 769 F.Supp 911, 916—17 (D.Md. 1991).

Here, Mr. Wozniak has no breach of contract cause of action for two reasons: (1) ERISA preempts this claim; and (2) the Fourth Circuit has refused to create federal common law for a breach of contract claim for plan benefits where, as here, ERISA has already provided a statutory remedy.   Therefore, Mr. Wozniak's breach of contract claim is preempted by ERISA and the Court finds that he is unable to sustain this claim.

### 2.   Breach of Fiduciary Duty Claim

The Court also grants CRF's Motion to Dismiss the Amended Complaint because Mr. Wozniak seeks individual plan benefits that are redressable elsewhere in ERISA.

Individualized claims for breach of fiduciary duty are not authorized where ERISA provides adequate relief for a plaintiff's injury in another part of ERISA's statutory scheme. Varity Corp. v. Howe, 516 U.S. 489, 512, 515 (1996).   Section 1132(a)(1)(B) of ERISA provides individualized review to plan participants for an allegedly wrongful denial of plan benefits.

---

Cir. 1986) (citing See C. Wright, Law of Federal Courts § 60, at 283-84 (3d. ed. 1976); see also Textile Workers Union of Am. v. Lincoln Mills of Ala., 353 U.S. 448, 456—57 (1957)).

29 U.S.C. § 1132(a)(1)(B).

The Fourth Circuit has expressly rejected a denial of benefits claim being "repackaged" as a breach of fiduciary duty claim. Korotynska v. Metro. Life Insurance Co., 474 F.3d 101, 106—107 (4th Cir. 2006). A claim for breach of fiduciary duty is "repackaged" as a claim for benefits "where the resolution of the claim rests upon an interpretation and application of *an ERISA-regulated plan* rather than upon an interpretation and application of *ERISA*." Smith v. Syndor, 184 F.3d 356, 362 (4th Cir. 1999)(emphasis in original). In Korotynska, the Fourth Circuit held that in cases seeking relief for denial of benefits, § 1132(a)(1)(B) provides adequate relief. 474 F.3d at 107. Thus, the Fourth Circuit in Korotynska held that a cause of action under § 1132(a)(3) was inappropriate because the injury is redressable elsewhere in ERISA'a scheme. Id. Moreover, the Court has noted that "[t]o permit [a suit for denial of plan benefits] to proceed as a breach of fiduciary action would encourage parties to avoid the implications of section 502(a)(1)(B) by artful pleading; indeed *every* wrongful denial of benefits would be characterized as a breach of fiduciary duty . . . ." Coyne & Delaney Co. v. Blue Cross & Blue Shield, 102 F.3d 712, 714 (4th Cir. 1996)(emphasis in original).

Here, Mr. Wozniak has no breach of fiduciary duty cause of

action because he seeks individual plan benefits that are redressable elsewhere in ERISA's scheme.  Mr. Wozniak complains that the CRF breached its fiduciary duty by improperly denying him container royalty benefits under an ERISA plan.  ERISA, however, has provided an adequate remedy under § 1132(a)(1)(B). Accordingly, Plaintiff cannot sustain his breach of fiduciary duty claim.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, GRANT Defendant's Motion to Dismiss the Amended Complaint (ECF No. 11).

Entered this 31st day of October, 2012

/s/
_____
George L. Russell, III
United States District Judge

11